UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DARRYL WASHINGTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV420-312 |
| | ) | CR417-115 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Darryl Washington pleaded guilty to one count of possession of a firearm by a convicted felon. Doc. 33 at 1.[1] He was sentenced on August 28, 2018 to 180 months of incarceration and five years of supervised release. *Id.* at 2-3. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence. Doc. 47. For the following reasons, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**.

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR417-115.

1

## ANALYSIS

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on August 28, 2018. Doc. 33. He did not file an appeal before the deadline to appeal ran on September 11, 2018. Fed. R. App. P. 4(b)(1)(A); *see also* docket. He had one year from that date to file a habeas motion. *See, e.g., Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ('[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." (citation omitted)). His motion was signature filed[2] on December 8, 2020.

---

[2] Under the prison mailbox rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). Courts assume, "[a]bsent evidence to the contrary,

2

Doc. 47 at 12. Thus, he missed the § 2255(f)(1) deadline by more than one year.

Washington does not explicitly address whether his Motion is timely. *See* doc. 47 at 10-11. Liberally construed, however, his Motion's arguments that the Supreme Court's decision in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019), applies retroactively, *see* doc. 47 at 23-24, asserts that his Motion is timely, pursuant to § 2255(f)(3). This Court previously noted that *Rehaif*'s implications for § 2255(f)(3) were "unclear." *See United States v. Johnson*, 2020 WL 5736706, at *1 (S.D. Ga. July 29, 2020). The Eleventh Circuit has recently held "*Rehaif* announced a new rule of substantive law that applies retroactively . . . ." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). *Seabrooks*, therefore, resolved any remaining uncertainty in favor of the retroactive application of *Rehaif*. Although Washington is correct about the effect of *Rehaif*, it does not render his Motion timely.[3] *Cf. Crawford*

---

... that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

[3] Even if Washington's claim under *Rehaif* were timely, that would not render his other grounds timely. "The § 2255(f) statute of limitations requires a claim-by-claim approach to determine timeliness." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (citation and quotation omitted).

*v. United States*, 2022 WL 1062284, at *1 (M.D. Fla. Apr. 8, 2022) (Government conceded § 2255 "motion is timely filed within one year of *Rehaif* . . . ."). Since *Rehaif* was decided on June 21, 2019, *see* 139 S. Ct. at 2191, Washington's motion is still untimely, pursuant to § 2255(f)(3), by more than five months.[4]

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter*

---

[4] Washington's Motion suggests that he might contend that the Eleventh Circuit's decision in *United States v. Oliver*, 962 F.3d 1311 (11th Cir. 2020), provides the relevant start date for the one-year clock. *See* doc. 47 at 9 ("[T]he movant asserts that this motion is timely filed in compliance to the retroactivity doctrine of a substantive rule announced by the Supreme Court cases on collateral review Rehaif & Oliver otherwise subject to collateral attack involving fundamentals or structural defects that rise to the level of constitutional magnitude and denied the movants 5th Amendment due process rights."). However, § 2255(f)(3) applies only to "newly recognized" rights, commencing the one-year period on "the date on which the . . . right . . . was initially recognized *by the Supreme Court* . . . ." *Id.* (emphasis added). To the extent that *Oliver* recognizes any "new right" at all, it is clearly not one recognized by the Supreme Court. *See, e.g., Cooley v. United States*, 2017 WL 6558274, at *1 (M.D. Fla. Nov. 6, 2017) (" '[A] decision taken from a federal court of appeals does not provide an independent basis to trigger the one-year statute of limitations provided under § 2255(f)(3).'" (quoting *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006))). To the extent that Washington contends that any subsection of § 2255(f), other than § 2255(f)(1) or (3), applies, or that a Supreme Court decision, other than *Rehaif*, provides a later date for the start of the one-year period of limitation, he remains free to assert that contention during the period to object to this Report and Recommendation, discussed below. *Cf. Rios v. United States*, 479 F. App'x 309, 310-11 (11th Cir. 2012) (leniency afforded to *pro se* § 2255 movant does not permit the court to "act as de facto counsel . . . or rewrite a deficient pleading." (citing *GJR Invs., Inc. V. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in, Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010))).

*v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. *See, e.g., Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). Washington has not demonstrated either the existence of "extraordinary circumstances" that prevented his timely filing of the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or that he diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence"). "The movant bears the burden of establishing his entitlement to equitable tolling." *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citing *Outler*, 485 F.3d at 1280).

Washington's Motion does not include any argument that the statute of limitations should be equitably tolled. He does, however, attach two copies of a memorandum from the Federal Bureau of Prisons, dated March 31, 2020, stating that COVID-19 precautions had prevented inmates from accessing legal research materials "since January 2020."

5

*See* 47 at 26-27. However, this Court and others have recognized that "delays due to COVID-19 are not extraordinary circumstances for the purposes of equitable tolling." *Gordon v. United States*, 2021 WL 6512114, at *3 (S.D. Ga. Dec. 20, 2021), *adopted* 2022 WL 163629 (S.D. Ga. Jan. 18, 2022); *see also, e.g., Crook v. United States*, 2022 WL 566781, at *6 (N.D. Ala. Feb. 24, 2022) ("Several courts have considered whether the COVID-19 pandemic is an extraordinary circumstance that provides justification for untimely habeas filings, and each have held that an individual must show . . . specifically how the pandemic prevented *him* from timely filing, apart from general prison policy or lockdowns," and collecting cases); *Moreno v. United States*, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020). Far from identifying specific impediments to his timely filing, the memorandum indicates that the COVID-19 procedures are generally applicable. Washington has, therefore, failed to establish that he is entitled to equitable tolling.

## CONCLUSION

Accordingly, since Washington's motion was untimely, pursuant to either §§ 2255(f)(1) or (3), and he has not shown that he is entitled to

equitably tolling, his Motion should be **DENIED** as untimely, doc. 47, and that civil action CV420-312 be **DISMISSED** in its entirety.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of July, 2022.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA